No. 8. St. L., A. & T. H. R. R. Co. v. Overturf. This action was brought by defendant in error against the railroad company, to recover the value of several hogs, alleged to have been killed by its engines. A recovery of $18 was had

and the company sued out a writ of error to reverse the judgment. From the evidence it would appear that the plaintiff relied for a recovery upon statutory negligence—the failure to erect and maintain a fence, as provided by the law, upon its line of railroad. The evidence utterly fails to show that the hogs killed, got upon the track at a place where the company was required by the statute to fence against them. The plaintiff must negative the exceptions contained in the statute, where he relies upon the failure to fence as a ground of recovery. Judgment reversed. Opinion by PILLSBURY, P. J. Judge below, DAVID J. BAKER. Attorneys, for appellant, Mr. F. M. YOUNGBLOOD; for appellees, Mr. J. A. TREECE and Messrs. ROSS & LAYMAN. Opinion filed June 12, 1886.

No. 53. Lauder v. Albright & Co. This case was tried in the court below on an appeal from a justice of the peace. It was tried before a jury, and a verdict and judgment for plaintiff for $128.95. The claim was for lumber sold and delivered. There is no dispute as to the amount of lumber furnished, or the price to be paid; but it is insisted by appellant that he purchased it subject to inspection and acceptance by the Illinois Central Railroad Company, and that 12,175 feet of that which was furnished was rejected by said company. Appellees deny that the Illinois Central had anything to do with the lumber as between them and appellants, and also that there is any legal proof that the company did inspect and reject a portion of it as claimed by appellant. The only proof of this latter fact is a statement marked "B," made by appellant, in regard to which he swears, "I do not know by whom the lumber was inspected in Chicago. I only go by the reports sent back to me from Chicago, purporting to come from the I. C. R. R. Co." To the introduction of this statement "B," appellees objected, but the objection was overruled. This evidence was clearly incompetent. To hold otherwise is to permit the unsworn statement of an unknown party to be received in evidence. Three witnesses, who testify on behalf of appellees, swear that the lumber furnished by appellees to appellant was all good, first-class lumber, and no witness contradicts them. The evidence shows that the lumber was accepted by appellant. Therefore, even if the I. C. R. R. Co.